UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV00948 HEA |
| | ) | |
| MYCOGEN CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, [#11]. Plaintiff has responded to the motion, and on February 3, 2005, a hearing was held on the matter at which all parties were present. For the reasons set forth below, Defendants' motion is granted.

**Facts and Background**

Plaintiff Monsanto Technology, LLC brings this action pursuant 35 U.S.C. § 291 claiming that its U.S. Patent No. 4,940,835 (hereinafter the '835 patent) and Defendant Mycogen's U.S. Patent No. 6,753,463 (the '463 patent) are interfering patents under § 291. Plaintiff seeks a declaration that it is the sole owner of the patent rights, since the '835 patent issued 14 years prior to Defendant Mycogen's '463 patent, which suggests priority in application. Mycogen argues that the Court lacks jurisdiction under § 291 since Monsanto cannot establish that the two patents are interfering patents.

Both the '835 patent and the '463 patent have claims directed to dicotyledonous plants that have been genetically modified to render the plants resistant to glyphosate,

the active ingredient in Monsanto's herbicide, RoundUp®. The glyphosate resistant plants have been transformed to contain a gene encoding the synthesis of a polypeptide (i.e., a protein) known as 5-enolpyruvyl shikimate 3-phyosphate synthase ("EPSPS"). The gene producing EPSPS is located in the plant cell nucleus, and EPSPS is synthesized in the cytoplasm of the cell. Within the cytoplasm is the chloroplast, but it is surrounded by a complex double membrane that does not normally allow EPSPS to enter the chloroplast. When EPSPS is present in the chloroplast of the cell, it operates to make the plant resistant to glyphosate. However, the spatial separation between the site of EPSPS synthesis (the cytoplasm) and the site of activity for the protein (the interior of the chloroplast) reduces the efficiency of the EPSPS protein in making the plant resistant to glyphosate. If EPSPS is able to enter the chloroplast, glyphosate resistance is enhanced.

A means for facilitating transport of the EPSPS protein from the cytoplasm into the chloroplast is a chloroplast transit peptide ("CTP"). A CTP is a peptide that fuses to a gene encoding the EPSPS and allows EPSPS to be transported from the cytoplasm of the plant cell through the double membrane and into the chloroplast. This feature, which is referred to as a "chloroplast transit peptide construct" is included as a limitation in the claims of Monsanto's '835 patent. The limitation is absent in Mycogen's '463 patent.

Claim 1 of Monsanto's '835 patent recites:

(a) a promoter sequence which functions in plant cells;

(b) a coding sequence which causes the production of RNA, encoding a chloroplast transit peptide/5-enolpyruvylshikimate-3phosphate synthase

fusion polypeptide, which chloroplast transit peptide permits the fusion polypeptide to be imported into a chloroplast of a plant cell; and

(c) a 3' non-translated region which encodes a polyadenylation signal which functions in plant cells to cause the addition of polyadenylate nucleotides to the 3' end of the RNA;

the promoter being heterologous with respect to the coding sequence and adapted to cause sufficient expression of the fusion polypeptide to enhance the glyphosate resistance of a plant cell transformed with the gene.

Claim 29 of the '835 patent recites:

A glyphosate-resistant dicotyledonous plant which has been regenerated from a glyphosate-resistant plant cell comprising the chimeric plant gene of claim 1.

Claim 1 of the ''463 patent recites:

A transformed cotton plant comprising of heterologous DNA sequence encoding an altered form of 5-enolpyruvyl shikimate 3-phosphate synthase, wherever said DNA sequence is expressed, whereby said transferred cotton plant is rendered glyphosate resistant.

## Discussion

In actions maintained under 35 U.S.C. § 291, interference is a jurisdictional prerequisite, thus, in response to a motion under Rule 12(b)(1) motion, the plaintiff bears the burden of proving by a preponderance of the evidence that the district court has subject matter jurisdiction over the pending action. *Spirit Lake Tribe v. North Dakota,* 262 F.3d 732, 744 (8th Cir. 2001). To establish subject matter jurisdiction, Monsanto must prove that the two patents at issue are interfering patents by showing

the two patents claim the same or substantially the same subject matter. *Slip Track Sys., Inc. V. Metal-Lite, Inc.,* 304 F.3d 1256, 1263 (Fed. Cir. 2002). The first step in any interference proceeding under § 291 is the evaluation of whether an interference exists under the two-way test. *Medichem, S.A. v. Rolabo, S.L.,* 353 F.3d 928, 934 (Fed. Cir. 2003). Unless this threshold requirement is satisfied, the case must be dismissed for lack of subject matter jurisdiction.

**Two-Way Test**

By Patent and Trademark Office regulation, the underlying questions to the interference inquiry are those of anticipation and obviousness under 35 U.S.C. §§ 102-103. *Medichem, S.A.,* 353 F.3d at 932 (citing 37 C.F.R. § 1.601(j) ("An interference-in-fact exists when at least one claim of a party that is designated to correspond to a count and at least one claim of an opponent that is designated to correspond to the count define *the same patentable invention*." (emphasis added)); § 1.601(n) ("Invention 'A' is *the same patentable invention* as an invention 'B' when invention 'A' is the same as (35 U.S.C. 102) or is obvious (35 U.S.C. 103) in view of invention 'B' assuming invention 'B' is prior art with respect to invention 'A'." (emphasis added)); and *Eli Lilly & Co. V. Bd. Of Regents of the Univ. Of Wash.,* 334 F.3d 1264, 1267-69 (Fed. Cir. 2003)). Thus, in order to provoke an interference in district court under § 291, the interfering patents must have the same subject matter in similar form as that required by the PTO pursuant to 35 U.S.C. § 135. *Slip Track Sys., Inc.,* 304 F.3d at 1263. "A district court 'has no jurisdiction under § 291 unless interference is established.'" *Medichem,* 353 F.3d at 934 (citing *Albert v. Kevex Corp.,* 729 F.2d 757, 760-61 (Fed. Cir. 1984)). In short, the two-way test requires that the claimed invention

4

of Party A must anticipate or render obvious the claimed invention of Party B and the claimed invention of Party B must anticipate or render obvious the claimed invention of Party A. *Id.* The two-way test presumes that the invention claimed in by Party A is prior art to the invention claimed by Party B and vice versa.

In this case, there is no dispute that the first leg of the two-way test is satisfied. That is, neither Mycogen nor Monsanto dispute that Monsanto's '835 patent anticipates Mycogen's '463 patent, since the '835 patent is more limited and makes the more broad '463 patent obvious. See *Eli Lilly & Co.,* 33 F.3d at 1269-70 (recognizing well-settled law that a species claim anticipates a genus claim). Mycogen, however, contests the second prong of the two-way test–that is, whether Mycogen's '463 patent claims, if prior art, anticipates or renders obvious Monsanto's '835 patent claims. Both patents contain claims directed to plants containing a DNA construct encoding an EPSPS protein, and the plants are rendered resistant to glyphosate. Monsanto's '835 patent, however, includes the additional limitation that the protein encoded by the DNA construct also include a CTP fused to EPSPS component of the encoded protein. This limitation is lacking in Mycogen's '463 patent, thus, Monsanto's '835 patent claims are more narrow (i.e., species) than Mycogen's '463 patent claims (i.e., genus). A species claim anticipates a genus claim, but a genus claim does not anticipate a species claim unless the added limitation is anticipated by or is an obvious variant of the genus claim. *Id.* (noting earlier genus will not render a species unpatentable if the species defines a separate patentable invention).

The Court finds that the presence of the CTP limitation in Monsanto's '835 patent distinguishes the '835 patent claims as non-obvious over, and not anticipated by

5

Mycogen's '463 patent claims. Furthermore, the express language of the '835 and '436 claims indicates that they are directed to different subject matter when compared under the two-way test. Since Monsanto cannot establish that the two patents are interfering patents, this Court lacks jurisdiction under § 291.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [#11], is granted.

Dated this 8th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE